UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| KENNY EFFERSON | NO.: 16-120-BAJ-EWD |

## ORDER

Before the Court is the **Motion for Clarification of Sentence (Doc. 80)** filed by Defendant Kenny Efferson. Defendant asserts that the United States Marshals Service "took [him] into custody" by writ of habeas corpus ad prosequendum on October 31, 2016 but did not begin crediting him for time served until May 24, 2017. (Doc. 80 at p. 1). He queries why he did not receive credit for the 205-day gap. (*Id.*).

"The Attorney General, through the Bureau of Prisons, determines what credit, if any, will be awarded to prisoners for time spent in custody prior to the commencement of their federal sentences." *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (per curiam). "A federal sentence begins to run on the date that a 'defendant is received into custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which sentence is to be served.'" *Id.* at 428 (quoting 18 U.S.C. § 3585(a)).

On May 24, 2017, the Court sentenced Defendant as follows:

> The Defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of 36 months. It is the order of this Court that Defendant's sentence run concurrent to any sentences

1

he has received in docket numbers 02-16-0505, 19th Judicial District Court, Baton Rouge, Louisiana, 14-FELN-31302 and 14-FELN-031540, 21st Judicial District Court, Livingston, Louisiana, and any sentence he may receive in docket number 16-01228, Bay County Court, Panama City, Florida.

(Doc. 70 at p. 2). At the time of sentencing, Defendant was serving (1) a ten-year sentence (imposed on October 26, 2016) in the 19th Judicial District Court for the Parish of East Baton Rouge for possession with intent to distribute hydrocodone, possession with intent to distribute methamphetamine, and illegal carrying of a weapon with a controlled substance; and (2) a five-year sentence (imposed on June 23, 2016) in the 21st Judicial District Court for the Parish of Livingston for two counts of possession of a schedule II controlled substance. (Doc. 59 at pp. 17–18).

Defendant's October 31, 2016 transfer to federal custody by writ of habeas corpus ad prosequendum did not place him in the primary custody of federal authorities. *See Richardson v. Outlaw*, 274 F. App'x 353, 354 (5th Cir. 2008) (per curiam) (citing *Causey v. Civiletti*, 629 F.3d 691, 693 (5th Cir. 1980)). That is because "[w]hen a prisoner is transferred from state to federal custody pursuant to a writ of habeas corpus ad prosequendum, the transfer is only a loan of the prisoner to the federal jurisdiction such that primary custody remains with the state." *Richardson*, 274 F. App'x at 354.

Because Defendant was not in the primary custody of federal authorities on October 31, 2016, his federal sentence did not begin to run on that date. *See Richardson*, 274 F. App'x at 354; *Causey*, 629 F.3d at 693.

Accordingly, the Court having provided the requested clarification,

2

**IT IS ORDERED** that the **Motion for Clarification of Sentence (Doc. 80)** is **DENIED** as moot. The Clerk of Court shall mail a copy of this Order to Defendant Kenny Efferson (#08523-095) at FCI Yazoo City Low, Federal Correctional Institution, P.O. Box 5000, Yazoo City, Mississippi 39194.

Baton Rouge, Louisiana, this 12th day of August, 2019.

_____
JUDGE BRIAN A. JACKSON
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**